THE STATE, WILLIAM A. SCATTERGOOD, prosecutor, *vs.* WILLIAM G. LORD et al.

1. In altering a ditch pursuant to the act to enable owners of swamp and meadow ground to drain the same (*Nix. Dig.* 478), the same notice is required as in case of proceedings to lay out and open a ditch, and the return of the freeholders and surveyors in such cases must show that everything was done which is required by the statute under which they act.

2. Damages cannot be assessed to an applicant for the alteration of a ditch. Where damages assessed are clearly illegal, this court will relieve on *certiorari:* but where they are only objected to, as being unjust and inequitable, the remedy, in the first instance, is by appeal to the Court of Common Pleas.

---

*Certiorari* to the clerk of Mercer, in the matter of altering a ditch.

Argued before ELMER, POTTS, and VREDENBURGH, Justices, by *Beasley*, for the prosecutor, and *Edward W. Scudder*, for the defendants.

The facts of the case sufficiently appear in the opinion of the court, which was delivered by

POTTS, J. This *certiorari* brings up certain proceedings purporting to have been had pursuant to the act to enable the owners of swamp and meadow to drain the same, &c. *Nix. Dig.* 478. These proceedings were had upon the application of William G. Lord and others, who alleged that a ditch, drain, and watercourse had been laid out and opened in 1818, in the township of Hamilton, and that they were some of the owners of lands drained thereby,

and through which the same had been cut; and they applied to the chosen freeholders and surveyors of the township of Hamilton to review the premises, and to alter and change said ditch, drain, and water-course, as should appear to them just and reasonable, and to make a new assessment of damages, if they should judge the same proper, &c.

The freeholders and surveyors, to whom the application was so made, reviewed the premises, made sundry alterations in the course of the ditch, ordered a portion of the old ditch to be filled up, assessed damages, and made and filed their return. This return is brought here for review, and several reasons are assigned why the proceedings should be set aside for irregularity.

The first reason is, that it does not appear that ten days' notice was given as required by the first section of the act, (*Nix. Dig.* 478, *pl.* 45,) to the persons through whose lands or possessions the ditch was to be altered. An inspection of the papers shows that this reason is well assigned. The original act requires notice to be given to each land-owner, &c. The first section of the supplement of 1828 (*Nix. Dig.* 480, *pl.* 55,) directs that, *in addition to* the notice required to be given by the original act, notice shall be given by advertisement published in a newspaper, and also set up in five public places in each township, &c. And the return states that due proof was made of the *publication* and *setting up* of notices according to law, but says nothing of the service of notice, as required by the original act. This is fatal to the return. In proceedings to alter, change, or abolish a ditch, drain or water-course, the same notice is required as in case of proceedings to lay out and open such ditches, &c. *Nix. Dig.* 482, *pl.* 64. The freeholders and surveyors, in these cases, exercise a special statutory jurisdiction affecting property rights, and their return must show that everything was done that is required by the statute under which they act, and from

which their power is derived.  *State* v. *Van Geison,* 3 *Green* 340 ; *State* v. *Lewis,* 2 *Zab.* 564.

Another error assigned is, that damages were assessed to Joshua F. Vanpelt, who was an applicant for the alteration. The fifth section of the act authorizes damages to be assessed only to land-owners " not benefited by or *requesting* such ditch or drain." *Nix. Dig.* 479, *pl.* 49. The assessment of twenty dollars damages to Vanpelt was therefore unwarranted by law. Where damages assessed are clearly illegal and unauthorized this court will relieve on *certiorari.* Where the only objection is that they are unjust and inequitable, the remedy, in the first instance, is by appeal to the Court of Common Pleas. *Nix. Dig.* 480, *pl.* 54 ; *State* v. *Quaife,* 3 *Zab.* 89.

Several other objections are taken to these proceedings. One is, that the return does not state that the changes in the courses of the ditch were made with as little detriment as may be to the owners, &c., through whom the alterations were made. *Nix. Dig.* 478, *pl.* 45. Another is, that it does not state that, in the changes made, regard was had to the lines between proprietors of lands, where it could be done with convenience to all parties concerned. *Nix. Dig.* 479, *pl.* 51. A third is, that the return shows the freeholders and surveyors exceeded their authority in ordering part of the old ditch to be *filled up,* instead of simply *abolishing* it. *Nix. Dig.* 482, *pl.* 64. In reference to all which it is sufficient to say, that in proceedings under this statute and its supplements a careful regard should be had to the directions of the act ; and it should appear by the proceedings and return that these directions have been strictly complied with.

The proceedings and return are set aside.